## THE PROSECUTING ATTORNEYS' SALARY ACT.

[Circuit Court of Lucas County.]

THE STATE OF OHIO, ON THE RELATION OF LYMAN W. WACHEN-
HEIMER, PROSECUTING ATTORNEY, v. THE BOARD OF COUNTY
COMMISSIONERS OF LUCAS COUNTY, OHIO.

Decided, March 17, 1906.

*Constitutional Law—Provision for Salaries for Prosecuting Attorneys
Invalid—No Provision for Minimum Compensation or Authority
to Fix Compensation.*

1. Prosecuting attorneys are not local officers, but are a part of the per-
manent organization of the government of the state; hence Section
1297, Revised Statutes, providing for their compensation, which
specifies the maximum amount thereof in certain counties, and
fixes the salary in other counties on a basis of population, is un-
constitutional and void, as being a law of a general nature lacking
uniform operation throughout the state.

2. Whether Section 1297, Revised Statutes, providing for the compen-
sation of prosecuting attorneys, is not void for uncertainty in its
operation, in establishing maximum salaries, but fixing no mini-
mum amounts, and in failing to name the authority to determine
the same in the several counties—*Quaere?*

WILDMAN, J.; HAYNES, J., and PARKER, J., concur.

This court recently announced its judgment that the demurrer
to the plaintiff's petition, which is one asking for a mandamus,
should be sustained.  We have been asked to put our reasons
for this decision in such form that the case may be reported.  The
question involved is so important, as affecting the prosecuting
attorneys of the entire state, as to justify this request and the
assent of the court to it.

The petition, I have said, is one for mandamus, brought by
Lyman W. Wachenheimer, who is Prosecuting Attorney of Lu-
cas County and who seeks to compel the county commissioners
to take action under Section 1297, Revised Statutes, by fixing
the times and amounts of installments for the payment of his
salary as such prosecuting attorney under said section.  The
section reads as follows:

"The prosecuting attorney shall receive an annual salary not
exceeding the sum herein named, to-wit: In Hamilton county,
thirty-five hundred dollars; in Cuyahoga county, four thousand
dollars; in Lucas county, two thousand dollars; in Franklin

county, two thousand dollars; in Montgomery county, two thousand dollars; in each county containing less than twenty thousand inhabitants by the last federal census, four hundred dollars, and in each other county two dollars for each one hundred inhabitants such county contained at the next preceding federal census, to be paid at such times and in such installments as the county commissioners may direct.''

Our view, as previously announced and as still held, is that this enactment is clearly an infraction of Section 26, Article II, of the Constitution of the state.

Prior to the decision of the case of *The State, ex rel Guilbert, Auditor,* v. *Yates, Auditor of Pickaway County,* 66 O. S., 546, acts of this character, fixing the compensation of county officers were understood and had been held by the Supreme Court to be constitutional and valid.

In the case of *Pearson, Auditor, et al* v. *Stephens,* 56 O. S., 126, such an act had been sustained. But in the Yates case, *supra,* the following holding was made:

''County officers are not local officers, but are a part of the permanent organization of the government of the state, and the subject of compensation to county officers is not local in its nature, and an act of the General Assembly upon that subject is a law of a general nature which must operate uniformly throughout the state. *Pearson et al* v. *Stephens et al,* 56 Ohio State, 126, overruled.''

This case was decided by a majority of the court, Judge Davis announcing the opinion, and Burket, Shauck and Price concurring. Judge Spear announced no dissenting opinion, but his name is not among the judges so concurring.

In the subsequent cases of *The State, ex rel Allison,* v. *Garver et al* and *State, ex rel Allison,* v. *Mackey et al,* 66 O. S., 555, the court held, as expressed in the first syllabus:

''The act 'to limit the compensation of county officers in Holmes county,' passed April 26, 1898 (93 O. L., 660), is a law of a general nature which does not operate uniformly throughout the state; and it is therefore in violation of the Constitution, Article II, Section 26. *State, ex rel Guilbert,* v. *Yates, ante,* 546, approved and followed.''

In this case it was very earnestly urged by counsel that since the decision of the *Pearson* v. *Stephens* case, *supra,* and in reli-

ance upon it, local laws had been passed in eighteen counties in the state providing for the compensation of county officers, and it was argued that to hold such legislation invalid would be to plunge the county affairs of eighteen counties into hopeless and almost inextricable confusion.  Notwithstanding this appeal the court adhered to its decision in the Yates case, Judges Burket, Shauck and Price again concurring with Judge Davis, who announced the opinion.  Judge Spear concurred in the judgment upon another ground but not upon the ground which has been stated.

But in the later case of *The State, ex rel Guilbert, Auditor of State*, v. *Lewis, Auditor of Hamilton County*, 69 O. S., 202, the entire court united in this decision:

"The doctrine *stare decisis* will not be allowed to interfere with the overruling of a former decision upon a constitutional question when such former decision is clearly erroneous and it does not appear that such decision has been acted upon as a rule of property, or that rights have vested under it so that more injury would follow if it were overruled than if it were allowed to stand.

"*State, ex rel Guilbert*, v. *Yates*, 66 Ohio St., 546, is approved and followed, and *State, ex rel Attorney-General*, v. *Judges et al*, 21 Ohio St., 1, is overruled."

We have then the entire Supreme Court finally concurring in the approval of the Yates case, and consequently the judgment that legislation of the character now under consideration is invalid as an infraction of the section and article of the Constitution which have been mentioned.

This act provides that the salaries of prosecuting attorneys in Hamilton, Cuyahoga, Lucas, Franklin and Montgomery counties shall not exceed the amounts stated, but that in each county containing less than 20,000 inhabitants by the last federal census, $400, and in all the other counties of the state $2 for each one hundred inhabitants.  A peculiarity of this enactment is that no provision is made for a minimum compensation in any of the counties of the state, nor is any authority named which may determine the amounts of the salaries in the several counties.

A query naturally arises, and we desire to suggest it, as to whether this act, without regard to the Constitution, may not

be invalid because of uncertainty in its operation. It is an evolution from an earlier statute which provided that the county commissioners might fix the salaries in certain counties, but should not fix them in any amount exceeding the amount or amounts named; but in the amendment of the statute and in the enactment of the section now before me, the provision giving to the county commissioners such power is eliminated, and no other tribunal or authority is substituted. The only power given to the county commisioners seems to be that whatever salary is allowed is to be paid at such times and in such installments as the county commissioners may direct. It is not necessary to our decision that we should hold this act invalid for this reason. It is enough to base our decision on the adjudications of the Supreme Court to which reference has been made, and upon those adjudications and in recognition of the far-reaching consequences of such holding, affecting the salaries of all prosecuting attorneys in the state, we are still constrained to sustain the demurrer to the petition upon the ground that it states no facts entitling relator to the mandamus sought.